IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RONNIE BRADFIELD a/k/a )
PAUL FARNSWORTH, )
 )
    Plaintiff, ) No. 13-1310-JDT-egb
 )
VS. )
 )
MICHAEL DONAHUE, ET AL., )
 )
    Defendants. )

ORDER ADDRESSING VARIOUS MOTIONS

On March 26, 2015, the Court issued an order (ECF No. 51) that, *inter alia*, denied a motion to compel filed by the *pro se* prisoner Plaintiff, Ronnie Bradfield a/k/a Paul Farnsworth (*id.* at 8), but granted him a fourteen-day extension of time in which to file an additional motion to compel (*id.* at 8-9). Plaintiff filed a second motion for extension of time on March 30, 2015 (ECF No. 55), which the Defendants opposed (ECF No. 60). Plaintiff filed his second motion to compel shortly after the expiration of the original fourteen-day period; therefore, the motion for an extension is DENIED as moot.

On April 9, 2015, Plaintiff filed a motion to rehear the denial of his motion to compel, which includes a motion for recusal of the undersigned judge. (ECF No. 58.)

In support of his motion for recusal, Plaintiff contends the undersigned has abused his discretion by not ruling on Plaintiff's motions in a timely manner and by summarily denying them without sufficient justification. He states that he has lost confidence that he will receive a fair trial

in this case. Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
(4) He knows that he . . . has a financial interest in the subject matter in controversy;
(5) He or his spouse . . . :
    (i) Is a party to the proceeding . . . ;
    (ii) Is acting as a lawyer in the proceeding;
    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias

2

sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial.[1] *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

Plaintiff's reasons for seeking recusal are based solely on the undersigned's rulings and participation in this case. That is not a sufficient basis for recusal. Plaintiff does not contend or offer any evidence that the undersigned has any personal bias against him arising out of the background or extrajudicial conduct of this judge. Therefore, the motion for recusal is DENIED.

Although Plaintiff's purports to be filing a motion to "rehear" the motion to compel, he has offered little argument regarding the actual merits of his original motion. Instead, he complains almost exclusively about the lateness and brevity of the Court's ruling, which he contends deprived him of due process. However, nothing in Plaintiff's motion persuades the Court that the previous ruling on the motion to compel should be modified.

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).

In an "Addendum" to the motion to rehear/for recusal (ECF No. 58 at 6-10), Plaintiff again asks the Court to reconsider the dismissal of his claims against Defendants Donahue and Herron. However, the Court has already denied a previous motion to reconsider the dismissal of the claims against Donahue and Herron. (ECF No. 51 at 4-8.) Plaintiff's present motion adds nothing new that warrants reconsideration. The Court also notes that Plaintiff appears to be attempting to supplement the complaint with further claims against Herron based on events occurring after the entry of the initial order of partial dismissal, as he refers to events that took place from June 2014 through March 25, 2015. (*Id.* at 8-9.) The deadline for amending pleadings expired on December 18, 2014 (*see* Sched. Order, ECF No. 28), and Plaintiff's motion was not filed until April 9, 2015. Therefore, any such attempt to amend is untimely.

The motion to rehear and/or supplement is DENIED.

Also on April 9, 2015, Plaintiff filed a separate motion asking the Court to take judicial notice of materials he previously submitted in support of his motion for a temporary restraining order or preliminary injunction. (ECF No. 59.) The present motion appears to be virtually identical to Plaintiff's motion filed on October 23, 2014, which was denied in the order issued on March 26, 2015.[2] (*See* ECF No. 51 at 2.) Defendants have moved to strike the later motion as duplicative. (ECF No. 63.) Plaintiff's motion to take judicial notice is again DENIED for the reasons stated in the March 26, 2015 order. Defendants' motion to strike is also DENIED. Technically, the Federal Rules of Civil Procedure authorize the filing of a motion to strike only pleadings, and a motion is

---

[2] Plaintiff's appeal of the denial of the motion for preliminary injunctive relief is currently pending in the Sixth Circuit Court of Appeals. *See Bradfield v. Donahue*, No. 15-5340 (6th Cir. app. docketed Apr. 7, 2015).

not a pleading. *See* Fed. R. Civ. P. 7(a), 12(f).[3] The Court has denied Plaintiff's motion, and striking the document is unnecessary.

Plaintiff filed a motion to compel discovery on April 13, 2015 (ECF No. 61), with regard to discovery requests propounded to Defendant Robertson. Defendant Robertson filed a response to the motion on April 27, 2015. (ECF Nos. 65 & 66.) Plaintiff first complains that Robertson's objection to his Request for Admission #1 is not valid. The request and response are as follows:

> 1. Whether, you "ever" upon entering the Housing Unit, Where Plaintiff was housed, at the time you were his Unit Manager; that upon either seeing smoke hovering in the air and/or smelling smoke * in the air/environment, that you never at any time relevant, locked the Unit down, and went from room-to-room, until you could discovery the source of the smoke.
>
> RESPONSE: Objection. This request is confusing and fails to state matters separately as required by Fed. R. Civ. P. 36.

(ECF No. 61-1 at 2.) Plaintiff asserts that this request is straightforward and that Robertson should be compelled to answer. However, given that this item is designated a request for admission, the Court agrees with the Defendant that Plaintiff seems to have included several factual assertions, and it is not at all clear what Plaintiff is asking her to admit. Therefore, the objection to Request for Admission #1 is appropriate, and Defendant will not be required to provide a further response.

With regard to Request for Admission #2, Plaintiff contends that Robertson fails to directly answer the question and instead "talks around" it, giving an ambiguous response. Robertson contends that her response is entirely adequate:

> 2. Whether, you have "eve[r]" supervised, managed, and/or worked in a housing unit that was 100% smoke-free all the time.

---

[3] Rule 26(g)(2) also requires a court to strike "an unsigned [discovery] disclosure, request, response, or objection" unless the omission is promptly corrected.

5

> RESPONSE: Defendant Robertson admits that Hardeman County Correctional Facility is classified as a 100% smoke free facility. Defendant Robertson also admits there are times that contraband, in the form of tobacco and drugs, are brought into HCCF. Finally, Defendant Robertson admits that there have been times that she has not been able to see or smell smoke in the housing units, and will thus assume that the unit was smoke free.

(*Id.*) Notwithstanding her statement that HCCF is "classified" as a 100% smoke free facility, Robertson here admits that contraband tobacco and drugs are brought into the facility and that there are only "times" that she has *not* been able to see or smell smoke in the housing units. Using those admissions to assume the unit was literally smoke free is disingenuous. This response obviously is phrased to avoid saying, in a word, that the answer to Plaintiff's request for admission is "no." Nevertheless, the Court finds it unnecessary to require Defendant to actually amend her response. The answer to the Request for Admission can be readily discerned, even if Defendant has attempted to obscure it.

Plaintiff also complains that Defendant Robertson failed to completely answer Request for Admission #5 but instead went on a "unrelated rant" and avoided a direct response:

> 5. Whether you have "ever" received "any" type of subspension [sic], warning, disciplinary[s], and/or any other type of administrative action, for failure to follow policy[s], inappropriate conduct, and/or for "any" other reason[s], of whatever nature, while Employed for C.C.A./H.C.C.F.
>
> RESPONSE: Objection. This request is not narrowly tailored in time and subject matter and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as the only issue in this case is whether or not the Defendant acted with deliberate indifference to the Plaintiff's exposure to environmental tobacco smoke. Without waiving said objection, Defendant Robertson denies that she has ever been disciplined in any manner related to disregarding a risk to an inmate's health or mistreating an inmate in any form or fashion.

(*Id.* at 3.) Plaintiff has not articulated how information regarding whether Defendant Robertson had "ever" been disciplined for "any" reason would be relevant to the issues in this case. He merely

6

asserts, in a conclusory manner, that the information could lead to evidence that is admissible under Federal Rule of Evidence 404(b), for the purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b)(2). However, this general statement is insufficient to show the relevance of the broad range of information Plaintiff requests. Therefore, Defendant will not be required to provide a further response to Request for Admission #5.

With regard to Interrogatory #1, Plaintiff states that Defendant Robertson again goes on an "unrelated rant" and refuses to fully answer but that she fails to show how the request is burdensome or broad. Defendant contends her objection and response is completely appropriate. Plaintiff's Interrogatory #1 states merely: "Please identify yourself." (ECF No. 61-1 at 4.) However, in the definitions accompanying his discovery requests, Plaintiff provided the following definition of the term "identify":

> The term "identify" or "identity" when used with respect to person(s), is a request for you to supply the full name(s), place of employment, place of employment address, height, weight, hair color, date of birth (or the age) of the person(s)* job title -or- position, length of present employment.

(ECF No. 66 at 2.) Defendant Robertson responded as follows:

> RESPONSE: Defendants objects [sic] to the Plaintiff's definition of identify which includes, "place of employment, employment address, height, weight, hair color, date of birth, job title, length of present employment." Plaintiff is attempting to include numerous interrogatories in one discovery request. Additionally, using the Plaintiff's definition, this request is overly broad and unduly burdensome with respect to its scope as the Plaintiff is seeking information that is not reasonably calculated to the lead [sic] to the discovery of admissible evidence. For example, Defendant's height, weight, hair color are not and will not be at issue in this case.
>
> Without waiving said, objections, Defendant identifies herself as Dorothy Robertson. Defendant Robertson is employed at HCCF. She may be contacted through her counsel of record. She is currently a unit manager, and has been working at HCCF for over 17 years now.

7

(ECF No. 61-1 at 4.) Defendant's objection to this interrogatory is well taken. Her height, weight, hair color and date of birth are irrelevant to any issue in this case. No further response will be required.

Lastly, Plaintiff contends that, contrary to Defendant Robertson's objection, Interrogatory #4 is straightforward and direct. He asserts that she should not be able to hide her long history of "disciplinaries." Robertson maintains that her response is adequate:

> 4. If you answered in the affirmative to "any" of the Admissions [specifically...No: 5], please state in "detail" the administrative procedure implemented, of whatever type [i.E. Subspension [sic] warning, disciplinary, and Etc.] against you. This shall includes [sic] the date[s], ground/Reason[s] for each, of whatever nature.
>
> RESPONSE: Objection. This request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence as the only issue in this case is whether or not the Defendant acted with deliberate indifference to the Plaintiff's exposure to environmental tobacco smoke. Without waiving said objection, Defendant Robertson denies that she has ever been disciplined in any manner related to disregarding a risk to an inmate's health or mistreating an inmate in any form or fashion.

(*Id.* at 4-5.) As the Court has determined that Defendant Robertson's response to Request for Admission #5 was adequate, the Court also finds her response to Interrogatory #4 is sufficient. Plaintiff simply has not articulated how information regarding Defendant's entire 17-year history of disciplinary action at HCCF is relevant in this action.

For the foregoing reasons, Plaintiff's motion to compel is DENIED.

The HCCF Defendants filed a motion for summary judgment on May 14, 2015, contending that Plaintiff failed to exhaust his administrative remedies with regard to the claims against them. (ECF No. 75.) On May 22, 2015, Plaintiff filed a motion to "summarily dismiss" or "squash" the motion for summary judgment, calling it illegal. (ECF No. 76.) He first contends the motion should

be treated as a motion to dismiss and not a motion for summary judgment. However, this would not be possible under Federal Rule of Civil Procedure 12(d), as the Defendants have submitted materials outside the pleadings, namely the Affidavit of K. Howell, which the Court finds no justification for excluding.

Plaintiff further contends that, if the Court does not quash the first motion for summary judgment, Defendants should not be given the opportunity to file a second motion for summary judgment on the merits if the first motion is ultimately denied. However, nothing in the Federal Rules of Civil Procedure, this Court's Local Rules, or the standard scheduling order used for *pro se* prisoner cases in this district automatically precludes a party from filing a second motion for summary judgment if the first is denied. The propriety of filing any such motion is wholly in the discretion of the Court. Therefore, Plaintiff's motion to "summarily dismiss" Defendants' motion for summary judgment is DENIED.

On May 27, 2015, Defendants filed a motion to compel discovery. (ECF No. 78.) Plaintiff filed a motion for extension of time to respond on June 22, 2015. (ECF No. 79.) The motion for extension of time is DENIED as moot, as Plaintiff filed a response on July 10, 2015. (ECF No. 81.) The Defendants' motion to compel will be addressed in a separate order.

In accordance with the above discussion:

Plaintiff's motion for an extension of time to file an additional motion to compel is DENIED as moot. (ECF No. 55.)

Plaintiff's motion to rehear and for recusal are DENIED. (ECF No. 58.)

Plaintiff's motion to take judicial notice and Defendants' motion to strike Plaintiff's motion are both DENIED. (ECF Nos. 59 & 63.)

Plaintiff's motion to compel discovery and his motion to summarily dismiss the Defendants' motion for summary judgment are DENIED. (ECF Nos. 61 & 76.)

Plaintiff's motion for extension of time to respond to Defendants' motion to compel is DENIED as moot. (ECF No. 79.)

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE