IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


RONNIE BRADFIELD a/k/a )
PAUL FARNSWORTH, )
 )
        Plaintiff, )          No. 13-1310-JDT-egb
 )
 )
VS. )
 )
 )
MICHAEL DONAHUE, ET AL., )
 )
        Defendants. )


ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (ECF No. 78),
DENYING MOTION TO FILE A RESPONSE (ECF No. 92),
DENYING MOTION FOR A PROTECTIVE ORDER (ECF No. 97), AND
DENYING MOTION TO FILE A REPLY (ECF No. 100)


Defendants Terrence Dickerson, Mary Robertson, Latriver Lanier, Marquetta Golden,

Dorothy Robertson and Annette Hess filed a motion to compel discovery pursuant to Federal Rule

of Civil Procedure 37 on May 27, 2015. (ECF No. 78.) The motion states that on January 9, 2015,

Plaintiff was served with one set of written discovery requests from Defendants Golden Dickerson

and Lanier (Ex. A, ECF No. 78-1) and a second set of written discovery requests from Defendants

Mary Robertson, Dorothy Robertson and Hess (Ex. B, ECF No. 78-2). Because Plaintiff later stated

that the original requests had been lost or stolen, Defendants state they re-served their discovery

requests on April 9, 2015. (ECF No. 78 at 2.)[1]

_____

        [1] Defendants mistakenly attached the January 9, 2015 letter that accompanied the original
mailing of the discovery requests instead of a letter dated April 9, 2015. (*See* Ex. C, ECF No.
78-3.)

After Defendants advised Plaintiff that a motion to compel would be filed if the responses were not received within ten days (Ex. D, ECF No. 78-4), Plaintiff's responses were received on May 1, 2015 (ECF No. 78 at 2; Ex. E, ECF No. 78-5). However, deeming Plaintiff's responses to their discovery requests deficient, Defendants notified Plaintiff by letter dated April 23, 2015 that if full and complete responses were not provided within seven days a motion to compel would be filed. (Ex. F, ECF No. 78-6.) Plaintiff did not respond to that letter. Therefore, Defendants filed their motion to compel. Plaintiff filed a response to the Defendants' motion on July 10, 2015. (ECF No. 81.) Defendants were permitted to submit a reply, which was filed on August 27, 2015. (ECF No. 84.)

In his response to the motion to compel, Plaintiff first argues that the number of interrogatories he received from the Defendants exceeded the limit of 25 in Federal Rule of Civil Procedure 33(a)(1). Although the sets of interrogatories were submitted on behalf of more than one Defendant, Plaintiff re-numbered them in his responses, repeating each interrogatory for each Defendant. For example, Interrogatory No. 1 submitted on behalf of Defendants Dickerson, Golden and Lanier stated:

> INTERROGATORY NO.1: State your full name, social security number, Tennessee Department of Correction (TDOC) number, if applicable, or any other correctional institution inmate number . . . . Also list all places where you have resided since 2004 and list all persons who resided with you at each non-correctional institution address.

(Ex. A, ECF No. 78-1 at 3.) Plaintiff responded to this single interrogatory as follows:

> Defendant: Marquetta Golden
>
> 1. State your full name, social security number, Tennessee Department of Correction (TDOC) number, if applicable, or any other correctional institution inmate number . . . . Also list all places where you have resided since 2004 and list all persons who resided with you at each non-correctional institution address.

**Response:**
Ronnie Bradfield, a/k/a Paul Farnsworth. TDOC#0021965. Have from the year 2004 resided within the Tennessee Department of Corrections.

Defendant: <u>Terrence Dickerson</u>
Interrogatoy [sic] #2

**Response:**
see [Id]

Defendant: <u>Latriver Lanier</u>
Interrogatory #3

**Response:**
see [Id]

(Ex. E, ECF No. 78-5 at 1-2.) Thus, in his attempt to show that the limit on interrogatories had been exceeded, Plaintiff turned each single interrogatory into three. When he reached the 25-interrogatory limit by his own method of counting, he provided no further answers. Apparently for that same reason, Plaintiff did not provide any answers to the interrogatories submitted by Defendants Dorothy Robertson, Mary Robertson and Annette Hess.

Plaintiff's argument in this regard is not well taken. Rule 33(a)(1) by its terms does not limit multiple defendants or multiple plaintiffs in a case to a combined total of only 25 interrogatories. The rule states, "a *party* may serve on any other *party* no more than 25 written interrogatories, including all discrete subparts" (emphasis added). There are six individual Plaintiffs in this case, and each of them was entitled to serve up to 25 interrogatories. Thus, Defendants' interrogatories did not exceed the limit in Rule 33(a)(1).[2]

---

[2] Plaintiff's only other objection to the substance of the interrogatories is that "asking for each and every fact," that supports the allegations in the complaint is "unduly burdensome and broad," citing *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007). However, this objection is also not well taken, as none of Defendants' interrogatories are formulated so broadly.

With regard to Defendants' Requests for Production, in Plaintiff's response to the motion to compel he objected only to Request No. 6, which asked him to "[e]xecute the attached HIPAA-compliant authorization allowing Defendant to obtain medical (including psychological and drug and alcohol treatment) records maintained by all healthcare providers Plaintiff identifies or who may be discovered by Defendants during the course of discovery." (Ex. A, ECF No. 78-1 at 9.) The form attached was a TDOC "Authorization for Release of Health Services Information." (*Id.* at 13.)[3] Plaintiff seems to be confused by Defendants' use of the term "HIPAA-compliant," reading it as HIPAA "complaint." He contended that Defendants had enclosed no such HIPAA complaint form and stated that his claims are not related to any violation of HIPAA. (ECF No. 81 at 2.) He further stated that only a medical release form was attached to the discovery requests and that Request No. 6 did not ask him to sign a medical release form. (*Id.*)[4]

On September 8, 2015, Plaintiff filed a "Notice of Filing of a Release of Medical Information Record" stating he had provided Defendants' counsel with the TDOC medical release of information form they had requested. (ECF No. 85.) However, Plaintiff did not attach the medical release form to the notice because the filing was not under seal.[5] By letter dated September 11, 2015, Defendants advised Plaintiff that his executed medical release was too limited and that they intended to file a response to his Notice of Filing. (ECF No. 88-1.) In an effort to accede to his wish not to file the

---

[3] The form as partially filled out by Defendants' counsel did not actually seek Plaintiff's mental health record, only his health record, infectious disease record, dental record and any substance abuse diagnosis and treatment. (*Id.*)

[4] Plaintiff's objection in this regard is not well taken. The TDOC medical release authorization form *does* comply with HIPAA because it contains all of the elements for a valid authorization as required by the HIPAA regulations.

[5] Plaintiff could have submitted the release form with a request that it be filed under seal.

release except under seal, Defendants also enclosed a proposed motion requesting leave of Court to file a copy of the release as an exhibit, under seal.  (ECF No. 88 at 2-3; ECF No. 87-1.)

Plaintiff filed an objection to the proposed motion on September 18, 2015 (ECF No. 87), before Defendants' motion was actually filed with the Court on September 25, 2015 (ECF No. 88). Plaintiff objected that filing the medical release was not appropriate because discovery materials should be filed only when a motion to compel is pending.  (ECF No. 87 at 1.)  That objection was meritless, as this motion to compel, which involves Request for Production No. 6 asking Plaintiff to provide the release, clearly was pending.[6]  The Court, therefore, granted the motion to file the medical release under seal.  (ECF No. 89.)  Accordingly, Defendants filed a response to Plaintiff's Notice of Filing (ECF No. 90), accompanied by the sealed exhibit (ECF No. 91), on September 28, 2015.

Plaintiff next filed a motion seeking leave to reply to Defendants' response to his Notice of Filing.  (ECF No. 92.)  He contends the Court "only" allowed the filing of the medical release form under seal.  Therefore, he argues that Defendants' response to his Notice of Filing, which he characterizes as an "amendment and/or addendum" to their motion to compel, is improper.  On the contrary, the Court's order merely allowed a particular exhibit to be filed under seal; the order did not preclude the Defendants from filing any other document.

---

[6] Local Rule 26.1, which appears to limit the filing of discovery to instances in which motions to compel are pending, must not be read too narrowly.  There are other situations where it may be necessary to file discovery and/or the responses thereto, and Federal Rule of Civil Procedure 5(d)(1) so recognizes.  That rule provides, "the following discovery requests and responses must not be filed *until they are used in the proceeding* or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission" (emphasis added).  As an example, discovery may be filed in support of or in opposition to a motion for summary judgment.

Plaintiff further argues that the Defendants failed to consult with him concerning the "amendment" to their motion to compel. However, counsel's letter to Plaintiff dated September 11, 2015 clearly informs Plaintiff of the intent to file such a document, explains why the medical release was insufficient and states, "if you would simply send us an additional . . . Release allowing us to obtain" additional medical records, "[t]hen it will not be necessary for us to even file a response to your Notice of Filing." (ECF No. 88-1.) Thus, even if the Defendants' response to Plaintiff's Notice of Filing can be considered an amended motion to compel, counsel's letter is sufficient consultation to satisfy the requirements of Rule 37 and Local Rule 7.2(a). Furthermore, the consultation requirement does not obligate counsel to provide Plaintiff with a copy of the actual document or motion being contemplated until it is officially served and filed.

In Defendants' response to the Notice of Filing, they object on grounds that the release executed by Plaintiff grants them insufficient access to his medical records. (ECF No. 90.) Plaintiff has granted limited access to the last ten years of his health records only, from 2005 - 2015, and has denied access to any mental health assessments or records,[7] any infectious disease records, any dental records and any records generated by sources outside TDOC. (ECF No. 91.) Defendants argue that Plaintiff himself has filed and relied upon his medical records from 1993, 2000, 2001, 2003 and 2004. Therefore, they contend they should be allowed to obtain his complete medical records through at least 1993.

Plaintiff claims that he suffers from a variety of illnesses and conditions as a result of environmental tobacco smoke ("ETS"), such as "nose bleeds, difficulty breathing, sinus, throat, and ear infections; irritated and red eyes; . . . nasal and sinus[] complication; . . . [and] growth of polyps

---

[7] As indicated, *supra* note 3, Defendants do not seek Plaintiff's mental health records.

amongst other sinus and nasal cavit[y] problems." (ECF No. 22 at 2-3.) Therefore, Defendants also argue they should be allowed access to Plaintiff's infectious disease records, dental records, and records generated by other sources. Defendants assert they should be permitted to discover those records in order to determine whether any of Plaintiff's medical problems could be the result of something other than ETS. Plaintiff responded to the Defendants' filing with a motion for protective order and for sanctions on November 9, 2015. (ECF No. 97.) Defendants filed a response to Plaintiff's motion on November 23, 2015. (ECF No. 99.)

In the motion for protective order, Plaintiff does not respond to the Defendants' assertion that his medical records through 1993 are relevant because he himself has filed and relied upon such records in this case. He merely insists that the Defendants are on a "fishing expedition" and that this case involves only the Defendants' actions from July 2012 to the present, so that ten years of medical records is generous. In addition, while Plaintiff admits that he has alleged a variety of medical problems, he contends that he has not placed any dental or infectious disease problems at issue in this case. He fails to acknowledge that Defendants must be able to assess whether the medical issues he claims are solely the result of ETS might be caused by other conditions, which could include dental conditions and infectious diseases.

Finally, Plaintiff filed a motion on December 2, 2015, seeking leave to file a reply to Defendants' response to his motion for protective order. (ECF No. 100.) He asserts that Defendants improperly included in their response an additional argument concerning his alleged failure to exhaust his administrative remedies (ECF No. 99 at 3), which has been raised in their summary judgment motion. He asks that the response be stricken and that sanctions be imposed on Defendants and their counsel. (*Id.* at 2, 4.) However, while the brief argument made by Defendants

regarding the exhaustion issue seems unnecessary, it is certainly not improper and has had no bearing on the Court's consideration of the motions addressed in this order.

In conclusion, for the reasons set forth above, the Defendants' motion to compel (ECF No. 78) is GRANTED. Within twenty-one (21) days after the date of this order, Plaintiff is ORDERED to fully and completely respond to the interrogatories and requests for production served on behalf of Defendants Dickerson, Golden and Lanier and also to the interrogatories and requests for production served on behalf of Defendants Dorothy Robertson, Mary Robertson and Hess. Furthermore, within fourteen (14) days after the date of this order, Plaintiff is ORDERED to execute and return another medical records release form allowing Defendants access to his medical records through 1993, including his health record, infectious disease record, dental record and records generated by other sources. Discovery is REOPENED for 60 days, for the limited purpose of allowing Defendants to obtain Plaintiff's discovery responses and his medical records.

The Court DENIES Plaintiff's motion to file a reply to Defendants' Notice of Filing (ECF No. 92), DENIES Plaintiff's motion to file a reply to Defendants' response to his motion for protective order (ECF No. 100), and DENIES Plaintiff's motion for protective order (ECF No. 97). IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE